UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN HELMS and BARRY SPAYD, as Trustees of the IBEW LOCAL NO. 743 HEALTH AND WELFARE FUND; IBEW AFL-CIO LOCAL UNION NO. 743 AND NECA PENN-DEL-JERSEY CHAPTER READING DIVISION RETIREMENT PLAN; and IBEW LOCAL NO. 743 JOINT TRUST FUND-APPRENTICESHIP AND EDUCATION FUND,<br>        Plaintiffs<br>   v.<br><br>MBR Construction Services, Inc.<br>307 June Avenue<br>Blandon, PA  19510-9550<br>        Defendant | : CASE NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132 and 1145, 29 U.S.C. §185(a), and/or 28 U.S.C. §1331.  The claims asserted herein are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2.   Venue lies in this District under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

3. Plaintiff, IBEW Local No. 743 Health and Welfare Fund (hereinafter the "Health and Welfare Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

4. The Health and Welfare Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3), which is administered and has its principal place of business in this District at 20 Morgan Drive, Reading, Pennsylvania 19608-1753.

5. Plaintiff, IBEW AFL-CIO Local Union No. 743 and NECA Penn-Del-Jersey Chapter Reading Division Retirement Plan (hereinafter the "Retirement Plan") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

6. The Retirement Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3), which is administered and has its principal place of business in this District at 20 Morgan Drive, Reading, Pennsylvania 19608-1753.

7. Plaintiff, IBEW Local No. 743 Joint Trust Fund – Apprenticeship and Education Fund (hereinafter the "Apprenticeship Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

8. The Apprenticeship Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3), which is administered and has its principal place of business in this District at 20 Morgan Drive, Reading, Pennsylvania 19608-1753.

9. The Health and Welfare Fund, Retirement Plan and Apprenticeship Fund are hereinafter jointly or severally referred to as "the Funds" or "ERISA Funds."

10. Plaintiffs Ryan Helms and Barry Spayd (who, together with the Funds, are collectively referred to herein as "Plaintiffs"), are fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions due the Funds and related matters. They have a business address at the addresses for the Funds listed herein, and are authorized to bring this action on behalf of all Trustees of the Funds as organizations.

11. Defendant, MBR Construction Services, Inc. (hereinafter "the Company"), is an employer in an industry affecting commerce within the meaning of 29

U.S.C. §152(2), (6) and (7) and 1002(5), (11) and (12), with a business office at the address listed in the caption. The Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this District and a substantial part of the events or omissions giving rise to the claims herein occurred from transactions with the Funds' office in this District.

12. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement (hereinafter the "Agreement") between Local Union No. 743, International Brotherhood of Electrical Workers and the Reading Division, Penn-Del-Jersey Chapter, Electrical Contractors' Association.

13. The Company is subject to and has agreed to abide by the terms of the Amended and Restated Agreements and Declarations of Trust of the Funds (singly or jointly referred to herein as the "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.

14. Under the Agreement, Trust Agreements, plan documents of the ERISA Funds and/or other documents, the Company agreed:

a. To make full and timely payment on a monthly basis, on or before the 15th day of each month, to the Funds as required by the Trust Agreements and plan documents;

b. To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Agreement;

c. To pay liquidated damages in the amount of Twenty (20%) Percent of the delinquent amount; interest at the rate of One (1%) Percent of the delinquent amount per month; and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a) and (b), above.

## COUNT I – CONTRIBUTIONS UNDER ERISA

Ryan Helms and Barry Spayd, as Trustees of the IBEW Local No. 743 Health and Welfare Fund, IBEW AFL-CIO Local Union No. 743 and NECA Penn-Del-Jersey Chapter Reading Division Retirement Plan and IBEW Local No. 743 Joint Trust Fund – Apprenticeship and Education Fund v. MBR Construction Services, Inc.

15. The allegations of Paragraphs 1 through 14 above are incorporated by reference as if fully restated.

16. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust

5

Agreements and plan documents for the month of December, 2017, in violation of 29 U.S.C. §1145.

17. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest are due from the Company on account of the delinquent contributions for the month of December, 2017.

18. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

    a. For contributions due to the Funds for the month of December, 2017, plus any additional contributions due since the filing of this action;

    b. For liquidated damages and interest due on account of the unpaid contributions for the month of December, 2017, plus any additional liquidated damages and interest due since the filing of this suit;

    c. For costs incurred in this action or the collection or enforcement of any judgment as provided under the Trust Agreements, plan documents of the ERISA funds and 29 U.S.C. §1132(g)(2), including filing fees in the amount of $400.00, and service fees in the amount of $137.50; and

    d. For reasonable attorneys' fees incurred in this action; and

e.  For such other legal or equitable relief as the Court deems appropriate.

## COUNT II – CONTRIBUTIONS UNDER COLLECTIVE BARGAINING AGREEMENTS

Ryan Helms and Barry Spayd, as Trustees of the IBEW Local No. 743 Health and Welfare Fund and IBEW AFL-CIO Local Union No. 743, NECA Penn-Del-Jersey Chapter Reading Division Retirement Plan and IBEW Local No. 743 Joint Trust Fund – Apprenticeship and Education Fund v. MBR Construction Services, Inc.

19.  The allegations of Paragraphs 1 through 18 above are incorporated by reference as if fully restated.

20.  The Company has not paid the Funds as required by the Agreement and other documents incorporated by the Agreement, such as the Trust Agreements or plan documents of the ERISA Funds.

21.  Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the month of December, 2017.

22.  Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest are due from the Company on account of the delinquent contributions for the month of December, 2017.

23.  Plaintiffs have been damaged by the Company as a proximate result of the Company's breach of the Agreement and/or its incorporated documents.

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

    a.    For contributions due to Plaintiffs, for the benefit of the Funds, for the month of December, 2017, plus any additional contributions due since the filing of this action;

    b.    For liquidated damages and interest due on account of the unpaid contributions for the month of December, 2017, plus any additional liquidated damages and interest due since the filing of this suit;

    c.    For costs incurred in this action or the collection or enforcement of any judgment as provided under the Agreement and Trust Agreements, including filing fees in the amount of $400.00, and service fees in the amount of $137.50;

    d.    For reasonable attorneys' fees incurred in this action; and

    e.    For such other legal or equitable relief as the Court deems appropriate.

## COUNT III – INDEMNITY BOND

Ryan Helms and Barry Spayd, as Trustees of the IBEW Local No. 743 Health and Welfare Fund and IBEW AFL-CIO Local Union No. 743, NECA Penn-Del-Jersey Chapter Reading Division Retirement Plan and IBEW Local No. 743 Joint Trust Fund – Apprenticeship and Education Fund v. MBR Construction Services, Inc.

24.  The allegations of Paragraphs 1 through 23 above are incorporated by reference as if fully restated.

25.  Since the Defendant is delinquent in contributions to the Fund, the Agreement requires the Defendant to provide to the Funds an Indemnity Bond.

26.  The Agreement provides, in relevant part:

"2.04 (a) All Employers shall be required to furnish an Indemnity Bond of a Surety Company authorized to do business in Pennsylvania, to the amount of Twenty-five Thousand Dollars ($25,000.00) for the first five employees for a three (3) year period from his initially being a party to this Agreement and until such time that he has established and maintained a record of prompt payment to the various funds. If additional manpower is required each additional employee shall raise the bond requirement by Three Thousand Dollars ($3,000.00) per employee.

Any Contractor, who becomes one-month delinquent in any fund payment to IBEW Local Union 743 or to the Electrical Construction Joint Trust Funds Office, shall be required to post a bond for an additional three (3) year period.

Such Bond is to be furnished in a manner to insure compliance with payment of monies due as wages to employees and monies due to the various funds to which the Employer is obligated to contribute under the terms of the Agreement."

9

27. Despite notification to the Defendant of the Trustees' desire to have Defendant provide an Indemnity Bond, Defendant has failed and refused to provide an Indemnity Bond.

28. The Funds and their fiduciaries are adversely affected or damaged by the failure of Defendant to provide an Indemnity Bond.

WHEREFORE, Plaintiffs ask that the Court:

    a.    Order Defendant to post an Indemnity Bond; and

    b.    Grant such other and further relief, legal or equitable, as may be just, necessary or appropriate.

> Respectfully submitted,
> CHARLES W. JOHNSTON, P.C.
> 101 Erford Road, Suite 302
> Post Office Box 98
> Camp Hill, Pennsylvania 17001-0098
> Telephone: (717) 975-5500
> Facsimile: (717) 975-5511
>
> _____
> CHARLES W. JOHNSTON
> Pa. I.D. No. 15621
> e-mail: cjohnston@jadlegal.com
>
> *Attorneys for Plaintiffs*

Dated:    February 13, 2018